**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| PATRICIA AIKEN,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>CHUBB GROUP OF INSURANCE COMPANIES., et al.,<br><br>　　　　　　　　Defendants. | 3:21-cv-00180-MMD-CLB<br><br>**REPORT AND RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE**[1] |

Before the court is Plaintiff Patricia Aiken's ("Aiken"), application to proceed *in forma pauperis* (ECF No. 1), *pro se* complaint (ECF No. 1-1), and motion to transfer case to Las Vegas (ECF No. 4). For the reasons stated below, the court recommends that Aiken's *in forma pauperis* application (ECF No. 1) be granted, her complaint (ECF No. 1-1) be dismissed without prejudice, and her motion to transfer case (ECF No. 4) be denied as moot.

**I.　*IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP].

---

[1] This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities." LSR 1-1. "[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Aiken cannot pay the filing fee; therefore, the court recommends that the application (ECF No. 1) be granted.

## II.   SCREENING STANDARD

Prior to ordering service on any defendant, the court is required to screen an *in forma pauperis* complaint to determine whether dismissal is appropriate under certain circumstances. *See Lopez*, 203 F.3d at 1126 (noting the *in forma pauperis* statute at 28 U.S.C. § 1915(e)(2) requires a district court to dismiss an *in forma pauperis* complaint for the enumerated reasons). Such screening is required before a litigation proceeding *in forma pauperis* may proceed to serve a pleading. *Glick v. Edwards*, 803 F.3d 505, 507 (9th Cir. 2015).

"[T]he court shall dismiss the case at any time if the court determines that – (A) the allegations of poverty is untrue; or (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) tracks that language. When reviewing the adequacy of a complaint under this statute, the court applies the same standard as is applied under Rule 12(b)(6). *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) ("The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a

1  claim."). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See*
2  *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

3      The court must accept as true the allegations, construe the pleadings in the light most
4  favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*,
5  395 U.S. 411, 421 (1969) (citations omitted). Allegations in *pro se* complaints are "held to
6  less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449
7  U.S. 5, 9 (1980) (internal quotations marks and citation omitted).

8      A complaint must contain more than a "formulaic recitation of the elements of a cause
9  of actions," it must contain factual allegations sufficient to "raise a right to relief above the
10 speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading
11 must contain something more. . . than. . . a statement of facts that merely creates a suspicion
12 [of] a legally cognizable right of action." *Id.* (citation and quotation marks omitted). At a
13 minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible
14 on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

15     A dismissal should not be without leave to amend unless it is clear from the face of
16 the complaint the action is frivolous and could not be amended to state a federal claim, or
17 the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*,
18 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

19 **III.    SCREENING OF COMPLAINT**

20     In her complaint, Aiken sues Defendants Chubb Group of Insurance Companies,
21 Senior Claims Director Michael Rettig, Sun-Maid Growers of California, and Costco
22 Wholesale. (*See* ECF No. 1-1 at 2.) Aiken's lawsuit stems from the purchase of a box of
23 Sun-Maid Organic Raisins at a Costco in Bozeman, Montana that contained "a hard
24 substance that sheered (sic) off the back part of [Aiken's] pre-molar on the upper right side."
25 (*Id.* at 3.) Aiken alleges that she sent letters to the CEO's of Sun-Maid and Costco regarding
26 the damage to her tooth, but she did not receive a response. (*Id.*) Aiken alleges that the
27 Defendants "engaged in bad faith and unfair dealings" when they did not promptly

acknowledge or address the claim. (*Id.* at 3-4.) Further, Aiken alleges that the injury may have been reasonably avoided, but "Sun-Maid's processing equipment may be outdated and not up to industry standards." (*Id.* at 4.) Aiken seeks $200,000 for potential health impacts related to the loss of her natural tooth, pain and suffering, as well as punitive damages for "on-going unreasonable, evasive, delaying bad faith tactics." (*Id.*)

According to the complaint, Chubb is incorporated in Zurich, Switzerland; Rettig's office is in Arizona; Sun-Maid is incorporated and has its primary place of business in California; and Costco is incorporated in Washington. (*Id.* at 2.) Thus, there is no indication that any of the individual defendants reside in the District of Nevada. Further, the factual allegations reveal that the incident in question occurred in Bozeman, Montana and Aiken was residing in Montana at the time of the incident. (*Id.* at 2, 3.) The only tie to this District is that Aiken currently resides in Eureka, Nevada. (*Id.*)

A civil action must be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located, (2) <u>a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated</u>, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b) (emphasis added).

Aiken has not alleged that any defendant resides in the District of Nevada, that any of the events giving rise to the action transpired here and she has not otherwise alleged any connection to this District. Therefore, it appears the court lacks personal jurisdiction over the defendants and venue is improper here. Thus, the action should be dismissed, without prejudice, only to the extent Aiken may file a complaint stating plausible claims for relief in the correct court.

In light of the recommendation that this case be dismissed, Aiken's motion to transfer the case to Las Vegas (ECF No. 4) should be denied as moot.

## IV. CONCLUSION

Consistent with the above, the court finds that dismissal is warranted based on a lack of personal jurisdiction and improper venue.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Aiken's application to proceed *in forma pauperis* (ECF No. 1) be **GRANTED**;

**IT IS FURTHER RECOMMENDED** that the Clerk **FILE** Aiken's complaint (ECF No. 1-1);

**IT IS FURTHER RECOMMENDED** that the complaint (ECF No. 1-1) be **DISMISSED, WITHOUT PREJUDICE**, to the extent Aiken can assert plausible claims for relief in the correct court;

**IT IS FURTHER RECOMMENDED** that the motion to transfer case to Las Vegas (ECF No. 4) be **DENIED as moot**, and,

**IT IS FURTHER RECOMMENDED** that this action be **CLOSED** and that judgment be entered accordingly.

**DATED:** April 27, 2021.

**UNITED STATES MAGISTRATE JUDGE**