UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| PATRICIA AIKEN, | Case No. 3:21-cv-00180-MMD-CLB |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| CHUBB GROUP OF INSURANCE COMPANIES, *et al.*, | |
| Defendants. | |

## I.     SUMMARY

*Pro se* Plaintiff Patricia Aiken is attempting to sue Defendants Chubb Group of Insurance Companies, Michael Rettig, Sun-Maid Growers of California, and Costco Wholesale after she bit into something hard in a box of raisins purchased from a Costco in Bozeman, Montana and broke one of her teeth. (ECF No. 1-1.) Before the Court is the Report and Recommendation of United States Magistrate Judge Carla L. Baldwin, primarily recommending that the Court dismiss Plaintiff's proposed Complaint for improper venue and lack of personal jurisdiction over Defendants. (ECF No. 5 ("R&R" or "Recommendation").) Plaintiff filed an objection (ECF No. 8 ("Objection")), and unsuccessfully moved Judge Baldwin for reconsideration of the R&R (ECF Nos. 9, 10). Because the Court agrees with Judge Baldwin that venue is improper in this Court and personal jurisdiction over Defendants is lacking, finds Plaintiff's Objection largely unresponsive to Judge Baldwin's Recommendations, and as further explained below, the Court will accept and adopt the R&R in full, and dismiss this case.

## II.    BACKGROUND

The Court incorporates by reference Judge Baldwin's recitation of Plaintiff's

allegations in the Complaint provided in the R&R, which the Court adopts. (ECF No. 5 at 3-4.)

### III. LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Plaintiff filed her Objection. (ECF No. 8.)

### IV. DISCUSSION

In the R&R, Judge Baldwin first recommends granting Plaintiff's application to proceed *in forma pauperis* ("IFP") because her review of Plaintiff's application indicates she cannot afford to pay the filing fee. (*Id.* at 2.) Judge Baldwin next explains that she is conducting mandatory screening on Plaintiff's Complaint because Plaintiff seeks to proceed IFP. (*Id.* at 2-3.) Judge Baldwin then goes on to note that the events giving rise to Plaintiff's Complaint all occurred in Montana, and that no Defendants appear to be citizens of Nevada. (*Id.* 3-4.) Based on this summary of Plaintiff's allegations, Judge Baldwin recommends the Court dismiss Plaintiff's Complaint both because this Court is an improper venue under 28 U.S.C. § 1391(b) and the Court appears to lack personal jurisdiction over Defendants. (*Id.* at 4.)

The Court agrees with Judge Baldwin's analysis, and finds Plaintiff's Objection unpersuasive because it is largely nonresponsive to Judge Baldwin's analysis provided in the R&R. For example, Plaintiff appears to argue that venue is proper in this district because she was corresponding with her old dentist's office in Las Vegas about the injury to her tooth she sustained in Montana. (ECF No. 8 at 2-3.) But Plaintiff does not include these allegations in her Complaint (ECF No. 1-1), so Judge Baldwin could not have considered them in screening her Complaint, and her correspondence with a dentist office in Las Vegas does not necessarily constitute a "substantial part of the events or omissions

giving rise to the claim" in any event. 28 U.S.C. § 1391(b). To the contrary, the Court agrees with Judge Baldwin that a substantial part of the relevant events occurred in Montana, because Plaintiff both allegedly purchased and was injured by the raisins there. Plaintiff's argument that "[w]hat Costco Wholesale Plaintiff purchase the SunMaid product at is immaterial[]" is simply incorrect, as a matter of law. (ECF No. 8 at 3.) Moreover, none of Plaintiff's arguments in her Objection speak to, or undermine, Judge Baldwin's observation that the Court appears to lack personal jurisdiction over Defendants. (*Id.* at 2-4.)

In sum, the Court will overrule Plaintiff's Objection, and accept and adopt the R&R in full.

**V. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that Plaintiff's objection (ECF No. 8) to the Report and Recommendation of U.S. Magistrate Judge Carla L. Baldwin is overruled. The Report and Recommendation of U.S. Magistrate Judge Carla L. Baldwin (ECF No. 5) is accepted and adopted in full, as provided herein.

It is further ordered that Plaintiff's application to proceed in forma pauperis (ECF No. 1) is granted.

The Clerk of Court is directed to file Plaintiff's Complaint (ECF No. 1-1).

It is further ordered that Plaintiff's Complaint (ECF No. 1-1) is dismissed, in its entirety, but without prejudice to the extent that Plaintiff can allege plausible claims for relief in the correct court.

It is further ordered that Plaintiff's motion to transfer this case to Las Vegas (ECF No. 4) is denied as moot.

The Clerk of Court is further directed to enter judgment accordingly and close this

1 | case.
2 | DATED THIS 18th Day of May 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE